**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>OLAYINK ILUMSA SUNMOLA,  )<br>  )<br>  Defendant.  ) | Case No.  3:13-CR-30272-DRH-1 |

## ORDER FOR DETENTION

WILKERSON, Magistrate Judge:

A.  Overview

      This matter is before the court on the Motion for Detention filed by the government on March 4, 2015 (Doc. 8).  The motion is **GRANTED**.  The defendant having appeared by counsel and executed a waiver of detention hearing and consented to detention, pursuant to **18 U.S.C. § 3142(f) of the Bail Reform Act**, the Court orders the above-named defendant detained pursuant to **18 U.S.C. § 3142(e) and (i).**

B.  Statement of Reasons for the Detention

      The Court hereby **ORDERS** the Defendant **DETAINED** because it finds:

- ✓ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.
- ✓ By clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community.

C.  Findings of Fact

      The Court's findings are based on the information which was presented in Court and the information contained in the Pretrial Services Report, including the following:
- ✓ (1) Nature and circumstances of the offense charged:
  - ✓ (a)  The crime:

**Count 1:**
**Conspiracy in violation of 18 U.S.C. § 371;**

**Penalties Count 1:**
Not more than 5 years' imprisonment, not more than a $250,000 fine, or both, not more than 3 years' supervised release, and a $100 special assessment.

**Count 2:**
Mail Fraud in violation of 18 U.S.C. § 1341;

**Penalties Count 2:**
Not more than 20 years' imprisonment, not more than a $250,000 fine, or both, not more than 3 years' supervised release, and a $100 special assessment.

**Count 3:**
Wire Fraud in violation of 18 U.S.C. § 1343;

**Penalties Count 3:**
Not more than 20 years' imprisonment, not more than a $250,000 fine, or both, not more than 3 years' supervised release, and a $100 special assessment.

**Count 4:**
Interstate Extortion in violation of 18 U.S.C. § 875(d);

**Penalties Count4:**
Not more than 2 years' imprisonment, not more than a $250,000 fine, or both, not more than 1 year supervised release, and a $100 special assessment.

- ☐ (b) The offense is a crime of violence.
- ☐ (c) The offense is a Federal crime of terrorism.
- ☐ (d) The offense involves a minor victim.
- ☐ (e) The offense involves a controlled substance, firearm, explosive, or destructive device;
- ☐ (f) The offense involves a narcotic drug.
- ☐ (g) The offense involves a large amount of controlled substances, to wit:

✓ (2) The weight of the evidence against the Defendant is high.

✓ (3) The history and characteristics of the Defendant, including:
   (a) General Factors:
       ☐ The Defendant appears to have a mental condition which may

       affect whether the defendant will appear.
- ✓ The Defendant has no family ties in the area.
- ☐ The Defendant has no steady employment.
- ☐ The Defendant has no substantial financial resources.
- ✓ The Defendant is not a long time resident of the community.
- ✓ The Defendant does not have any significant community ties.
- ✓ Past conduct of the Defendant:
- ☐ The Defendant has a history relating to drug abuse.
- ☐ The Defendant has a history relating to alcohol abuse.
- ☐ The Defendant has a significant prior criminal record.
- ☐ The Defendant has a prior record of failure to appear at court proceedings.

(b) Whether the Defendant was on probation, parole, or release by a court:
  At the time of the current arrest, the Defendant was on:
- ☐ Probation
- ☐ Parole
- ☐ Release pending trial, sentence, appeal or completion of sentence.

(c) Other Factors:

- ☐ The Defendant is an illegal alien and is subject to deportation.
- ☐ The Defendant is a legal alien and will be subject to deportation if convicted.
- ✓ Other: Defendant is a citizen of Nigeria was extradited to the United States to answer to the instant charges.

☐ (4) The nature and seriousness of the danger by the Defendant's release are as follows:

☐ (5) <u>Rebuttable Presumptions</u>
  The Court finds the Defendant is subject to and has not rebutted the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community, as set forth in **18 U.S.C. § 3142(e)**. In determining that the Defendant is subject to one of the rebuttable presumptions set forth in either **18 U.S.C. § 3142(e)**, the Court finds:

- ☐ Pursuant to **18 U.S.C. § 3142(e)(2)**,
  - ☐ (A) the Defendant has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed;
  - ☐ (B) the offense described in subparagraph (A) was

committed while the defendant was on release pending trial for a Federal, State or local offense; **AND**

☐ (C) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment for the offense described in subparagraph (A), whichever is later.

**OR**,

☐ Pursuant to **18 U.S.C. § 3142(e)(3)**, there is probable cause to believe that the Defendant committed—

☐ (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

☐ (B) an offense under section 924(c), 956(a), or 2332b of this title;

☐ (C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed;

☐ (D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or

☐ (E) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 of this title.

D. <u>Alternatives to Detention Considered</u>

The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance and the safety of any other person and the community, has considered and rejected alternatives.

E. <u>Additional Directives</u>

Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:

1. The Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

2. The Defendant be afforded reasonable opportunity for private consultation with counsel;

and

3. That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

DATED: **March 6, 2015**

                                                                                                   *Donald Wilkerson*

                                                                                                   **DONALD G. WILKERSON**
                                                                                                   **United States Magistrate Judge**