# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                        Case No. 13-CR-30272-DRH

**OLAYINKA ILUMSA SUNMOLA,**

    **Defendant.**

## ORDER

**HERNDON, District Judge:**

    Before the Court is defendant Olayinka Ilumsa Sunmola's motion to return Personal property (Doc. 106), filed pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 41(g). Defendant requests the return of the following property, which he claims was seized by authorities during his August 9, 2014 arrest at London's Heathrow Airport: (1) £5,255 of British currency; (2) two travel passports; (3) two laptop computers; (4) one Apple iPhone; (5) one Samsung Galaxy phone; (6) one Blackberry phone; (7) one Apple iPad; (8) one Apple iPod; and (9) one Rolex watch he alleges is worth $4,000. Defendant contends that given the conclusion of his case following resolution of his appeal, the Court should order the government to promptly return his personal belongings, specifically the £5,255.

In its opposing response (Doc. 107), the government states that it does not, in fact, possess the property at issue in defendant's motion. First, the computers and other electronic devices were judicially forfeited and subsequently destroyed. Next, the government asserts that it has never had possession of the defendant's passports or a Rolex watch. (Doc 107-1) Finally, as to the £5,255 in British currency, the government asserts that the property was forfeited and has been designated for distribution to the victims pursuant to the defendant's restitution obligation.

On May 6, 2016, the government filed a forfeiture action seeking the forfeiture of the £5,255 in British currency and miscellaneous computer and electronic equipment seized incident to defendant's arrest. See *United States v. 5,255 British Pounds of Currency and Miscellaneous Computer and Electronic Equipment*, No. 16-505 (S.D. Ill.). The complaint alleged that the property was derived from proceeds of fraud, and remained subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c) (Forfeiture Action, Doc. 1). On August 18, 2016, copies of the government's verified complaint for forfeiture and notice of civil judicial forfeiture (Forfeiture Action, Doc.4) were sent via certified and regular mail both to defendant and his then-attorney, Thomas C. Gabel. Service was properly executed to both defendant and his counsel (Forfeiture Action, Doc. 7). Thereafter, appearing that process was fully issued and returned according to law, and with notice of the forfeiture action published on an official government website for at least 30 consecutive days, defendant and all interested parties were defaulted on May 4, 2017 (Forfeiture Action, Doc. 12). The Court later entered

judgment pursuant to Fed.R.Civ.P. 55(b) and Decree of Forfeiture for the £5,255 and "miscellaneous computer and electronic equipment". The Court ordered that the aforementioned property was "forfeited to the United States of America and no right, title or interest in the property shall exist in any other party." (Forfeiture Action, Doc. 15).

FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) authorizes a judge proceeding in a criminal case to order the government to return property in its possession, which belongs to a defendant if the government has no reason to continue holding the property. *See United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010) (explaining that a Rule 41(g) proceeding may also be maintained as an ancillary proceeding in the district court even after the criminal proceeding ends) (citations omitted). The United States cannot be ordered to return property it does not possess. *See Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003) ("Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property by the government, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion."); see also United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997) (where the United States was never in possession of the defendant's vehicle, defendant's Rule 41(g) motion for its return was denied). Based on the law of this Circuit, the government cannot be ordered to return the passports and Rolex watch. Furthermore, because the miscellaneous computer and electronic equipment at issue was disposed of, and the £5,255 of British currency has been designated for distribution to the victims pursuant to

defendant's $1,669,050.98 restitution obligation (Doc. 85) following the forfeiture action, the motion to return property (Doc. 106) is **DENIED**.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.16
17:09:38 -05'00'

**United States District Judge**