## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:13-CR-30272-NJR** |
| **OLAYINKA SUNMOLA,** | |
| **Defendant.** | |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Olayinka Sunmola's *pro se* Motion for Compassionate Relief (Doc. 127), and a Motion to Withdraw (Doc. 130) as Sunmola's attorney by Todd M. Schulz of the Federal Defender. For the reasons set forth below, the Court grants the Motion to Withdraw and denies Sunmola's Motion for Compassionate Relief.

### ANALYSIS

A. *Applicable Law*

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A). Certain courts have stated that in making such a motion, a defendant should bear the burden of showing eligibility for a reduction in sentence. *E.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. An inmate's medical condition may be considered an extraordinary and compelling reason where it involves a terminal illness, or if the inmate's ability to care for himself within the correctional facility has substantially and permanently diminished due to some serious physical or medical condition. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

If an inmate can show that one of the eligibility criteria is applicable, the Court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, the Court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

*B. Discussion*

Sunmola is a 37-year-old man who has served only a small portion of a lengthy sentence. He appears to suffer from epilepsy, but does not claim any other underlying health conditions, and there is little evidence indicating that epilepsy significantly increases his susceptibility to COVID-19. *See, e.g.,* Doc. 127 at 10; Doc. 134 at 10; Doc. 134-2. Furthermore, the Court cannot confidently state that Sunmola will not be a danger to the community if released. As a foreign national, it is highly probable that he will not remain in the country if released from incarceration. Sunmola's recent statements do not indicate that he is particularly remorseful about his past conduct, and it is entirely plausible that he would return to the exact same sort of catfishing that he practiced previously, a crime that inflicted devastating psychological and financial harm on his victims. *See, e.g.,* Doc. 127 at 12; Doc. 134 at 11-12. In short, little analysis is required for the Court to conclude that compassionate relief is emphatically not warranted for Sunmola.

## CONCLUSION

Accordingly, the Motion for Compassionate Relief (Doc. 127) is **DENIED**, and the Motion to Withdraw (Doc. 130) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   June 17, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**