IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. **OLAYINKA ILUMSA SUNMOLA,** **Defendant.** | Case No. 3:13-CR-30272-NJR |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Olayinka Sunmola's *pro se* Motion to Modify his Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 139). For the reasons set forth below, the motion is denied.

Under the First Step Act, incarcerated defendants are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). After such a motion is filed, the Court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" support release, and it has considered the appropriate sentencing factors under 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction. *Id.* District courts may turn to the policy statement in U.S.S.G. § 1B1.13[1] for guidance in exercising their discretion, though the policy is not binding on the Court unless

---

[1] For reference, the policy statement at U.S.S.G. § 1B1.13 lists the defendant's health, age, and family circumstances as possible extraordinary and compelling reasons warranting compassionate release.

the motion is brought by the BOP. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)).

In his motion, Sunmola argues that the Court lacked jurisdiction over his offenses, and he questions the overall legality of his conviction and sentence. These arguments cannot be raised under the guise of a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Sunmola also attempts to argue that his guilty plea and acceptance of responsibility, despite such a lack of jurisdiction, constitute extraordinary and compelling circumstances that warrant a reduction in his sentence. Acceptance of responsibility does not constitute an extraordinary and compelling reason for a reduction in sentence. On a slightly different but related topic, the Seventh Circuit held that rehabilitation cannot serve as a stand-alone reason for compassionate release. *United States v. Peoples,* 41 F.4th 837, 841-42 (7th Cir. 2022). In the same vein and even more apparent, acceptance of responsibility cannot serve as a stand-alone reason for compassionate release or sentence modification under 18 U.S.C. § 3582(c). Moreover, the acceptance of responsibility in a guilty plea by a defendant can be factored into the sentencing decision from the outset.

Because Sunmola has not established any extraordinary and compelling reason warranting a reduction to his term of imprisonment, the Court need not address the Section 3553(a) factors. Accordingly, Sunmola's Motion to Modify his Term of Imprisonment (Doc. 127) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 11, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**